IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHERINE ALBRECHT, )
)
plaintiff, )
)
v. )
)
METROPOLITAN PIER AND )
EXPOSITION AUTHORITY and )
LETICIA PERALTA DAVIS, in her )
official capacity as CEO of the MPEA, )
)
defendants. )

No. 03 C 6472

Hon. Judge Nordberg

Magistrate Judge Denlow

## DEFENDANTS' INITIAL DISCLOSURES

Defendants Metropolitan Pier and Exposition Authority and Leticia Peralta-Davis ("defendants") make their initial disclosures as required by F.R.C.P. 26(a)(1) as set forth herein. Defendants reserve the right to supplement and/or amend these initial disclosures. Defendants waive no applicable objections or privileges, including the attorney-client privilege and work product doctrine, do not bind themselves to adopting any testimony or evidence disclosed herein, and reserve the right to object to the relevance or admissibility of evidence or testimony outlined herein.

### Individuals Likely To Have Discoverable Information

Pursuant to Rule 26(a)(1)(A), and excluding impeachment witnesses and other witnesses that have not yet been identified by counsel, the following persons are likely to have discoverable information that defendants may use to support their defenses, on subjects as set forth below:

1.      Thomas Mobley, General Manager of McCormick Place. Mr. Mobley is an executive of defendant the Metropolitan Pier and Exposition Authority. His office is at Lakeside Center in McCormick Place, and he may be contacted through defense counsel. Mr. Mobley has knowledge about the following: physical characteristics of McCormick Place facilities and grounds; dedication of McCormick Place facilities and grounds to attracting and hosting conventions, trade shows and meetings in Chicago; nearly exclusive use of McCormick Place by customers and not general public; expected customer reaction to protesting and leafleting in facility; highly competitive market for convention and meetings business; experience with protests at convention facilities; differences between McCormick Place and Navy Pier; events at McCormick Place on September 16, 2003.

2.      William Antonick, Director of Security, McCormick Place. Mr. Antonick is a senior employee of defendant the Metropolitan Pier and Exposition Authority. His office is at Lakeside Center in McCormick Place, and he may be contacted through defense counsel. Mr. Antonick has knowledge about the following: physical characteristics of McCormick Place facilities and grounds; management of security and public safety at McCormick Place; threats and safety risks posed by protesting and leafleting; crowd management; use of McCormick Place facilities by customers; events at McCormick Place on September 16, 2003.

3.      Katherine Albrecht, plaintiff. Ms. Albrecht's title and contact information are known to plaintiff's counsel but not to defendants. Ms. Albrecht has knowledge about the following: activities of herself and other members of CASPIAN on September 16, 2003; activities undertaken by herself and other members of CASPIAN at places other than McCormick Place, related to protests and communication of views about the "RFID" technology that plaintiff opposes.

2

## Categories of Documents In Defendants' Possession

Pursuant to Rule 26(a)(1)(B), and excluding impeachment documents and other documents that have not yet been identified by counsel, defendants have at their offices at McCormick Place, or in the offices of the attorneys at Mayer, Brown, Rowe & Maw LLP, the following categories of documents that may be used to support defendants' defenses:

1.      McCormick Place's policy on public expression.

2.      Correspondence with plaintiff prior to and regarding plaintiff's planned activities at McCormick Place on September 16, 2003.

3.      Agreements to license exhibition or meeting space at McCormick Place entered into between McCormick Place and its customers.

4.      Agreements between McCormick Place and businesses that lease or license space or provide services at or to McCormick Place and its customers.

5.      Procedures, rules and regulations for McCormick Place pertaining to licensing space at the facility, public safety, security, and emergency preparedness.

6.      Correspondence and other documents estimating attendance at events taking place at McCormick Place.

7.      Navy Pier's policies on public expression and short term licenses.

8.      Litigation record from *Chicago Acorn v. Metropolitan Pier and Exposition Authority*.

9.      News reports, articles and trade publications about the convention and trade show industry, including but not limited to publications reporting data about events at McCormick Place and its competitors; numbers of persons attending events at McCormick Place and its competitors; and other data pertaining to the convention and trade show industry and its customers.

Defendants have not gathered or reviewed all documents in the aforementioned categories, and reserve their right to object that production of certain such documents would be overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Defendants also reserve their right to object to production of documents prior to the entry of a protective order.

### Computation of Categories of Damages

Pursuant to Rule 26(a)(1)(C), defendants state that they do not anticipate seeking to recover monetary damages from plaintiff. Defendants contend, however, that the relief requested in the complaint, if awarded, might inflict damage, including monetary damages, on defendant Metropolitan Pier and Exposition Authority. Defendants have not attempted to quantify such damage, but reserve their right to do so and disclose such computation at a later date.

### Insurance Agreements

Pursuant to Rule 26(a)(1)(D), defendants state that this is not an action for money damages against defendants, and defendants are not aware of any insurance policies relevant to this action.

Dated: October 20, 2003

Respectfully submitted,

THE METROPOLITAN PIER AND
EXPOSITION AUTHORITY and
LETICIA PERALTA-DAVIS, CEO


Bettina Getz
Daniel G. Hildebrand
David Fuller
MAYER, BROWN, ROWE & MAW LLP
Chicago, Illinois 60603
(312) 782-0600

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 20, 2003, he caused to be served a copy of the attached **Defendants' Initial Disclosures** by hand delivery and facsimile on counsel for plaintiff below:

>Harvey Grossman
>Adam Schwartz
>The Roger Baldwin Foundation of ACLU, Inc.
>180 North Michigan Avenue, Suite 2300
>Chicago, IL 60601
>(312) 288-5225 (fax)

One of the attorneys for defendants

Bettina Getz
Daniel G. Hildebrand
David Fuller
MAYER, BROWN, ROWE & MAW LLP
Chicago, Illinois 60603
(312) 782-0600