### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KATHERINE ALBRECHT, ) | |
| ) | |
| Plaintiff, ) | Case No. 03 C 6472 |
| ) | |
| v. ) | Judge Nordberg |
| ) | |
| METROPOLITAN PIER AND ) | Magistrate Judge Denlow |
| EXPOSITION AUTHORITY, and ) | |
| LETICIA PERALTA DAVIS, in her ) | |
| official capacity as Chief Executive ) | |
| Officer of the Metropolitan Pier and ) | |
| Exposition Authority, ) | |
| ) | |
| Defendants. ) | |

**FILED** APR 2 2 2004 MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT

**DOCKETED** APR 3 0 2004

### NOTICE OF MOTION

To: **SEE SERVICE LIST**

PLEASE TAKE NOTICE that on Wednesday, April 28, 2004, at 9:15 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Morton Denlow of the United States District Court for the Northern District of Illinois, in the courtroom usually occupied by him at 219 South Dearborn Street, Chicago, Illinois, and will then and there present the **PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED CLASS COMPLAINT**, a copy of which is enclosed herewith.

Dated: April 22, 2004

Respectfully submitted,

_____
One of Plaintiffs' Attorney

HARVEY GROSSMAN
ADAM SCHWARTZ
CONNIE CHUNG
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE ALBRECHT, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 03 C 6472 |
| METROPOLITAN PIER AND EXPOSITION AUTHORITY, and LETICIA PERALTA DAVIS, in her official capacity as Chief Executive Officer of the Metropolitan Pier and Exposition Authority, | ) Judge Nordberg ) ) Magistrate Judge Denlow ) |
| Defendants. | ) ) |

**FILED** APR 2 2 2004 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**DOCKETED** APR 3 0 2004

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED CLASS ACTION COMPLAINT

Plaintiff, by her attorneys, pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure, hereby moves that this court grant her leave to file an Amended Class Action Complaint. Attached hereto as exhibit 1 is the proposed Amended Class Action Complaint. In support of this motion, plaintiff states as follows:

### Background

1. On September 12, 2003, plaintiff Katherine Albrecht filed her original Complaint against defendants Metropolitan Pier and Exposition Authority ("MPEA") and Leticia Peralta Davis, in her official capacity as Chief Executive Officer of the MPEA. In it, plaintiff challenged the defendants' policy regarding expressive activity at McCormick Place, both on its face and as applied to her proposed expressive activity planned for September 16, 2003.

2. Plaintiff now seeks leave to file an Amended Class Action Complaint, largely in response to two developments. First, plaintiff has learned through discovery that defendants have applied the challenged policy to restrict scores of other people from engaging in expressive activity at McCormick Place. Accordingly, class-wide relief is appropriate, as is the addition of

1



a second named plaintiff to broaden class representation.

3. Second, while plaintiff has every confidence that she is an appropriate litigant to resolve the legal and factual issues surrounding the challenged McCormick Place policy, defendants have taken actions indicating they do not agree.

(a) On September 29, 2003, defendants filed their answer. Their second defense was: "Plaintiff's complaint is substantially or entirely moot." Their third defense was: "Plaintiff lacks standing to assert claims of others not before the Court. In particular, plaintiff cannot bring an 'as applied' First Amendment challenge to the Authority's policies on behalf of others not before this Court as parties." *See* Exh. 2 at p. 18.

(b) On November 26, 2003, defendants served document requests and interrogatories upon plaintiff. Among other things, defendants sought (and plaintiff's subsequently provided) detailed information regarding plaintiff's history of expressive activities at facilities other that McCormick Place. *See* Exh. 3 at nos. 8-12, 22-26; Exh. 4 at nos. 5-7, 12.[1]

4. The following changes are contained in plaintiff's proposed amended complaint:

(a) the addition of Quentin Young as a second named plaintiff;

(b) the addition of a putative class of similarly situated individuals and groups;

(c) the removal of Ms. Davis as a defendant;

(d) the addition and modification of certain allegations regarding the physical attributes, uses, and regulations of McCormick Place;

---

[1] Defendant has also sought detailed information regarding the identity of the people who associate with plaintiff and the organization she works with. *See, e.g.*, Exh. 3 at no. 13; Exh. 4 at no. 8. Plaintiff has objected to producing certain documents and portions of other documents on grounds of associational privacy. This objection is the subject of continued discussions that both parties hope to amicably resolve.

(e) the addition of allegations regarding Albrecht's and Young's desired future expressive activities at McCormick Place; and

(f) the modification of the "as applied" component of the equitable relief sought.

**Discussion**

5. Leave to amend a complaint should be freely granted absent a substantial reason to deny such leave. Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Daugherity v. Traylor Bros, Inc., 970 F.2d 348, 351 (7th Cir. 1992). Leave to amend should be granted in the absence of undue "delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." American Broad. Co., Inc. v. Maljack Prods., Inc., No. 97 C 6510, 1998 WL 325209 at *1 (N.D. Ill. June 9, 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Because "[v]irtually every amendment results in some degree of prejudice to an opposing party," the only question is whether that prejudice is undue. In re Ameritech Corp., 188 F.R.D. 280, 283 (N.D. Ill. 1999). In order to determine whether sufficient prejudice exists, a court balances the respective interests of the parties. Id. (citing Wright and Miller, Federal Practice and Procedure § 1487 at 621-23 (1990)).

6. "Parties may be dropped or added by order of the court . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. After the defendant files a responsive pleading, "the standards for adding parties are the same under both Rule 15 and Rule 21 . . . ." 3 Moore's Federal Practice § 15.16[1] at p. 15-55 (3d ed. 2003).

7. Here, for two reasons, the proposed amended complaint will contribute to a

3

complete and final resolution of this dispute. First, plaintiff has learned through discovery that defendants have applied the challenged policy to restrict scores of other people from engaging in expressive activity. Accordingly, class-wide relief is appropriate. By itself, resolution of plaintiff's facial and "as applied" challenges would be no bar to future "as applied" challenges. Also, the addition of a new named plaintiff will broaden class representation.

8. Second, while plaintiff has every confidence that she is an appropriate litigant to resolve the disputed legal and factual issues in this case, defendants have taken actions indicating they do not agree. Defendants' answer to the pending complaint alleges mootness, and challenges plaintiffs' standing. Moreover, defendants have taken thorough discovery regarding plaintiff's expressive activities at locations other than McCormick Place, and have sought additional discovery regarding the identity of the people with whom plaintiff associates. None of this discovery has any relevance whatsoever to plaintiff's facial challenge to the defendants' policies at McCormick Place.

9. Defendants should not have it both ways. If defendants believe that there might be a reason why plaintiff cannot litigate the challenged policy to judgment (i.e., standing, mootness, or whatever defendant is exploring in discovery), then defendants should not oppose the joinder of a second named plaintiff. On the other hand, if defendants oppose joinder of a second named plaintiff on the grounds that the only issue in play is the merits of the challenged policy, then defendants should amend their answer to withdraw their defenses of mootness and standing, stipulate to the justiciability of plaintiff's challenge, and abandon the pursuit of the highly individualized, irrelevant discovery against plaintiff, her prior expressive activities, and her associates.

10. Moreover, there is no undue delay in bringing this motion. On October 23, 2003,

4

fact discovery opened in this case. On November 3, plaintiff asked defendants to produce permit applications, incident reports, and similar documents regarding non-licensees who have attempted to use McCormick Place for expressive activity. On January 23, 2004, defendants produced 130 responsive documents. Plaintiffs carefully analyzed these documents, and thereby learned the full breadth of defendants' enforcement of the challenged policy. Plaintiffs now timely seek an amendment that reflects this information.

11. Also, the proposed amendment will not prejudice the defendants. It will not increase in any way the discovery to be taken by plaintiff. It will only marginally increase the discovery to be taken by defendants (i.e., one more deposition and limited paper requests). Significantly, paper discovery on other matters is ongoing, and no depositions have been taken yet. Thus, amendment will not delay the ultimate resolution of this matter.

12. Finally, there is no bad faith, dilatory motive, or repeated failure to cure deficiencies.

WHEREFORE, plaintiff respectfully requests leave to file the attached Amended Class Action Complaint.

DATED: April 22, 2004

Respectfully submitted:

_/s/ signature_
One of plaintiffs' attorneys

HARVEY GROSSMAN
ADAM SCHWARTZ
CONNIE CHUNG
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

WILLIAM J. GIBBONS
ERIN SHAW
DAVID CAMPBELL
Latham & Watkins
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
(312) 876-7700

# See Case File For Exhibits