**FILED**
MAY 20 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE ALBRECHT, ) | |
| ) | |
| Plaintiff, ) | Case No. 03 C 6472 |
| ) | |
| v. ) | Judge Nordberg |
| ) | |
| METROPOLITAN PIER AND ) | Magistrate Judge Denlow |
| EXPOSITION AUTHORITY, and ) | |
| LETICIA PERALTA DAVIS, in her ) | |
| official capacity as Chief Executive ) | |
| Officer of the Metropolitan Pier and ) | |
| Exposition Authority, ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**
MAY 26 2004

## NOTICE OF MOTION

To: Daniel G. Hildebrand
Bettina Getz
David Fuller
MAYER, BROWN, ROWE & MAW LLP
190 S. LaSalle Street
Chicago, IL 60603

PLEASE TAKE NOTICE that on Monday, May 24, 2004, at 9:15 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Morton Denlow of the United States District Court for the Northern District of Illinois, in the courtroom usually occupied by him at 219 South Dearborn Street, Chicago, Illinois, and will then and there present the **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION and PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**, a copy of which is enclosed herewith.



Dated: May 20, 2004

Respectfully submitted,

*[signature]*

One of Plaintiffs' Attorney

HARVEY GROSSMAN
ADAM SCHWARTZ
CONNIE CHUNG
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 20 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KATHERINE ALBRECHT and QUENTIN )
YOUNG, on behalf of themselves and all )
persons similarly situated, )
)
        Plaintiffs, )   Case No. 03 C 6472
)
v. )   Judge Nordberg
)
METROPOLITAN PIER AND )   Magistrate Judge Denlow
EXPOSITION AUTHORITY, )
)
        Defendant. )

**DOCKETED**
MAY 26 2004

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, by their attorneys, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, respectfully move this Court to certify a plaintiff class. In support of this motion, plaintiffs state as follows:

1. The proposed plaintiff class consists of all individuals and groups that now seek and/or in the future will seek to engage in expressive activities at locations inside and outside McCormick Place that allow effective communication with McCormick Place visitors.

2. The plaintiff class is numerous, including hundreds of individuals and groups. *See* Rule 23(a)(1).

3. There are questions of law and fact common to the class, including whether the speech restrictions violate federal law. *See* Rule 23(a)(2).



4. The claims of the named plaintiffs are typical of the claims of the class. *See* Rule 23(a)(3). Each plaintiff has engaged in expressive activity at McCormick Place, and each intends to do so again.

5. The named plaintiffs will fairly and adequately protect the interests of the class. *See* Rule 23(a)(4). There are no conflicts that would render representation improper, and class counsel will vigorously pursue the interests of the class.

6. Final declaratory and injunctive relief for the class as a whole is appropriate, because the defendants have acted on grounds generally applicable to the class. *See* Rule 23(b)(2).

7. In further support of this motion, plaintiffs submit the attached memorandum.

WHEREFORE, plaintiffs respectfully move this Court to certify the plaintiff class defined herein.

DATED: May 20, 2004

Respectfully submitted:

_____
One of plaintiffs' attorneys

| | |
|---|---|
| HARVEY GROSSMAN | WILLIAM J. GIBBONS |
| ADAM SCHWARTZ | ERIN SHAW |
| CONNIE CHUNG | DAVID CAMPBELL |
| Roger Baldwin Foundation of ACLU, Inc. | Latham & Watkins |
| 180 North Michigan Avenue, Suite 2300 | 233 S. Wacker Drive, Suite 5800 |
| Chicago, Illinois 60601 | Chicago, Illinois 60606 |
| (312) 201-9740 | (312) 876-7700 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 20 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| KATHERINE ALBRECHT and QUENTIN YOUNG, on behalf of themselves and all persons similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 03 C 6472 |
| v. | ) Judge Nordberg |
| METROPOLITAN PIER AND EXPOSITION AUTHORITY, | ) Magistrate Judge Denlow |
| Defendant. | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR CLASS CERTIFICATION**

BACKGROUND

Plaintiffs have brought a First Amendment challenge to the defendant's policy of banning all expressive activity inside McCormick Place (except by licensed customers), and also all expressive activity outside the facility (except in two inadequate "designated areas" far from the flow of visitors). Between February 2001 and November 2003, defendant enforced this policy against at least 50 people, including trade unionists attempting to distribute informational leaflets regarding employers participating in trade shows at the facility; campaign workers for Gery Chico attempting to gather ballot petition signatures; and baseball fans attempting to gather petition signatures regarding the reinstatement of a player. See Exh. 1 attached hereto (selected MPEA incident reports). See generally MPEA 2343-2476. Unless enjoined, defendant will continue to enforce its policy against hundreds of additional people.

1

Thus, class-wide relief is appropriate. Plaintiffs now move for certification of a Rule 23(b)(2) plaintiff class of all individuals and groups that now seek and/or in the future will seek to engage in expressive activities at locations inside and outside McCormick Place that allow effective communication with McCormick Place visitors.

On April 22, plaintiffs submitted a motion for leave to file an Amended Complaint. Most significantly, the motion to amend proposes the addition of a putative class, and also a second named plaintiff to ensure proper class representation. The motion to amend is now pending. To the extent this Court denies plaintiffs' motion to amend, this motion to certify will obviously be moot. To the extent this court grants the motion to amend, plaintiffs' present submission of a motion to certify will facilitate the timely resolution of the certification issue. *See* Rule 23(c)(1)(A) (certification to be decided "at an early practicable time")

## ARGUMENT

On a motion for class certification, the court takes the allegations of the complaint as true and asks only whether the plaintiffs have met their initial burden of pleading facts that satisfy the requirements of Rule 23. Wagner v. NutraSweet Co., 170 F.R.D. 448, 450 (N.D. Ill. 1997); Gaspar v. Linvatec Corp., 167 F.R.D. 51, 55 (N.D. Ill. 1996); Arenson v. Whitehall Convalescent and Nursing Home, Inc., 164 F.R.D. 659, 663 (N.D. Ill. 1996); Hendricks-Robinson v. Excel Corp., 164 F.R.D. 667, 669 (C.D. Ill. 1996). "[A] class action properly arises prima facie from [the] well-pleaded complaint, immediately shifting to the party opposing the class the burden to prove otherwise, and leaving for the court in any event the duty not to reach an adverse class determination except if justified after a proper appraisal of all of the factors enumerated on the face of the Rule itself."

2

Newberg on Class Actions, § 7.17 at 7-61 (3d ed. 1992) (internal citations omitted). Here, as set fourth below, class certification is well-supported in the allegations of plaintiffs' Amended Complaint.

**A.     Threshold requirements**

Plaintiffs must allege the existence of an identifiable class, and that each named representative is a member of the class. LeClercq v. Lockformer Co., 2001 WL 199840 at *2 (N.D. Ill. Feb. 28, 2001). A class satisfies the definiteness requirement so long as it is defined in terms of objective criteria, such as the defendants' conduct. Id.

Here, members of the class can be readily ascertained by reference to objective criteria, including the defendant's conduct in enforcing the disputed policy. Moreover, plaintiffs are members of this putative class: they have engaged in expressive activity at McCormick Place, and they intend to do so again.

**B.     Rule 23(a)**

Class certification requires a plaintiff to meet the four prerequisites of Rule 23(a). Specifically, a representative may sue on behalf of a class if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Here, the proposed class satisfies each of the four prerequisites.

**1.     Numerosity**

Courts in this Circuit have certified classes with few members, where other factors make joinder impracticable. See, e.g., Swanson v. American Consumer Indus., 415 F.2d 1326, 1339 n.9 (7th Cir. 1969) (class of 40); Gaspar, 167 F.R.D. at 57 (class of

18); Hendricks, 164 F.R.D. at 671 (class of 38); Arenson, 164 F.R.D. at 663 (N.D. Ill. 1996) (class of 39); Johns v. Deleonardis, 145 F.R.D. 480, 482-83 (N.D. Ill. 1992) (class of 70, subclass of 25); Allen v. Isaac, 99 F.R.D. 45, 49 (N.D. Ill. 1983), amended by, 100 F.R.D. 373 (N.D. Ill. 1983) (class of 17). Such factors, which are present here, include the nature of the relief sought, the impracticality of forcing relitigation of a common core of issues, and judicial economy. Gaspar, 167 F.R.D. at 56, Arenson, 164 F.R.D. at 663; Johns, 145 F.R.D. at 482.

Moreover, the number of future class members who would be affected by injunctive relief also makes joinder impracticable. Where a plaintiff requests injunctive relief, a court should consider not only the present class members, but also "the interests of persons who will predictably enter the class." Rosario v. Cook County, 101 F.R.D. 659, 661 (N.D. Ill. 1983).

Here, plaintiffs allege that hundreds of individuals and groups now seek and/or in the future will seek to engage in expressive activities of McCormick Place. See Amended Complaint at ¶11(a). This allegation is based in part on the documents discussed above showing that between February 2001 and November 2003, defendant enforced its policy against at least 50 people. Thus, the proposed class is sufficiently numerous.

2. **Commonality**

Commonality is satisfied if the named plaintiff shares common questions of law or fact with the class. Rosario v. Livaditis, 963 F.2d 1013, 1017-18 (7th Cir. 1992). Not all factual and legal issues in a lawsuit need to be shared. Id. Indeed, the "common nucleus" test is a "'low hurdle' easily surmounted." Gaspar, 167 F.R.D. at 57.

4

A plaintiff meets the requirement of commonality where defendants have "engaged in standardized conduct toward members of the proposed class." Chandler v. Southwest Jeep-Eagle, Inc., 162 F.R.D. 302, 308 (N.D. Ill. 1995). See, e.g., Alliance to End Repression v. Rochford, 565 F.2d 975, 979 (7th Cir. 1977); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988); Edmondson v. Simon, 86 F.R.D. 375, 380 (N.D. Ill. 1980). A class action is particularly appropriate where First Amendment rights have been restricted, as policies of restricting speech apply across-the-board to all class members. See Port Authority Police Benevolent Ass'n v. Port Authority, 698 F.2d 150, 153-54 (2d Cir. 1983). See, e.g., Petersen v. Talisman Sugar Corp., 478 F.2d 73, 83 (5th Cir. 1973); Baird v. California Faculty Ass'n, 2000 WL 1028782, *3 (E.D. Cal. 2000); Conant v. McCaffrey, 172 F.R.D. 681, 693 (N.D. Cal. 1997).

Here, the defendant has promulgated and enforced a policy that restricts expressive activity at McCormick Place. The class members and their proposed representatives share common questions of law and fact regarding the constitutionality of this policy.

### 3. Typicality

In order to be typical, claims need not be identical, but merely substantially similar. De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). The typicality requirement is met where a plaintiff's claims arise from the same events, practices or courses of conduct that trigger the claims of other class members, and all of the plaintiffs' claims involve the same legal theories. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 597 (7th Cir. 1993). The typicality requirement focuses on the defendant's behavior: "if the defendant has acted similarly toward all potential class

members, typicality is satisfied." In re P.S. Group Inc. Securities Litigation, 1993 WL 477926, *2 (C.D. Ill. 1993).

Here, plaintiffs have engaged in expressive activity at McCormick Place, and each intends to do so again. Without injunctive relief, defendant's policy will restrict their respective expressive activities. Thus, each is typical of the class.

### 4. Adequacy of representation

To adequately represent the class, the named plaintiff must have sufficient interest in the outcome to insure vigorous advocacy, Riordan v. Smith Barney, 113 F.R.D. 60, 64 (N.D. Ill. 1986), and may not have interests antagonistic to those of the class, Secretary of Labor v. Fitzsimmons, 805 F.2d 682, 697 (7th Cir. 1986). In addition, counsel for the class must be competent and experienced in class action matters. Riordan, 113 F.R.D. at 64.

Here, the plaintiffs have no conflict with the interests of other class members. The equitable relief sought by plaintiffs will benefit all class members. Finally, plaintiff's counsel have skill and experience in the litigation of civil rights actions and class actions, and are supported by the expertise and legal resources of the ACLU.

### C. Rule 23(b)(2)

The proposed class falls squarely under Rule 23(b)(2), which allows a suit to proceed as a class action if the "party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Certification under Rule 23(b)(2) is particularly appropriate in class actions brought to vindicate the

6

plaintiffs' civil or constitutional rights. Johnson v. Brelje, 482 F. Supp. 121, 125 (N.D. Ill. 1979).

Here, the defendant has acted on grounds applicable to all class members. Specifically, it has promulgated and enforced a policy restricting expressive activity at McCormick Place.

### D. Appointment of class counsel

An order certifying a class action must, inter alia, appoint class counsel. See Rule 23(c)(1)(B) & (g)(1)(A). To be appointed, class counsel must fairly and adequately represent the interests of the class. See Rule 23(g)(1)(B). Morever, in appointing class counsel, the court must consider counsel's work in investigating potential claims; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. See Rule 23(g)(1)(C)(i).

Here, the undersigned attorneys will fairly and adequately represent the interests of the class. They have invested significant time and resources towards investigating the factual and legal issues in this case. They have experience both in class actions and other complex litigation, and also in the First Amendment claims at issue here. They are familiar with the applicable First Amendment and other law. They commit the resources of the ACLU to representing the class. Accordingly, the undersigned attorneys should be appointed as class counsel.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully move this Court to certify the plaintiff class defined herein.

DATED: May 20, 2004

Respectfully submitted:

_____
One of plaintiffs' attorneys

| | |
|---|---|
| HARVEY GROSSMAN | WILLIAM J. GIBBONS |
| ADAM SCHWARTZ | ERIN SHAW |
| CONNIE CHUNG | DAVID CAMPBELL |
| Roger Baldwin Foundation of ACLU, Inc. | Latham & Watkins |
| 180 North Michigan Avenue, Suite 2300 | 233 S. Wacker Drive, Suite 5800 |
| Chicago, Illinois 60601 | Chicago, Illinois 60606 |
| (312) 201-9740 | (312) 876-7700 |

# SEE CASE FILE FOR EXHIBITS