IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL **7** 2004

**MAGISTRATE JUDGE
MORTON DENLOW**

| | | |
|---|---|---|
| KATHERINE ALBRECHT   and | ) | |
| QUENTIN YOUNG, on behalf of | ) | |
| themselves and all persons similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 03 C 6472 |
| | ) | |
| v. | ) | Magistrate Judge Denlow |
| | ) | |
| METROPOLITAN PIER  AND | ) | |
| EXPOSITION AUTHORITY, and | ) | |
| LETICIA PERALTA DAVIS, in her | ) | |
| official capacity as Chief Executive | ) | |
| Officer of the Metropolitan Pier and | ) | |
| Exposition Authority, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

**JUL 0 9 2004**

## NOTICE OF MOTION

To:     Daniel G. Hildebrand
        Bettina Getz
        David Fuller
        MAYER, BROWN, ROWE & MAW LLP
        190 S. LaSalle Street
        Chicago, IL 60603

PLEASE TAKE NOTICE that on Monday, July 12, 2004, at 9:15 a.m., or as soon

thereafter as counsel may be heard, we will appear before the Honorable Morton Denlow

of the United States District Court for the Northern District of Illinois, in the courtroom

usually occupied by him at 219 South Dearborn Street, Chicago, Illinois, and will then

and there present the **PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR**

**SECOND AMENDED AND SUPPLEMENTAL CLASS ACTION COMPLAINT**, a

copy of which is enclosed herewith.

Dated:  July 7, 2004                                    Respectfully submitted,

                                                       One of Plaintiffs' Attorneys

HARVEY GROSSMAN
ADAM SCHWARTZ
CONNIE CHUNG
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

KATHERINE ALBRECHT and QUENTIN )
YOUNG, on behalf of themselves and all )
persons similarly situated, )

        Plaintiffs, )

      v. )

METROPOLITAN PIER AND )
EXPOSITION AUTHORITY, )

        Defendant. )

Case No. 03 C 6472

Magistrate Judge Denlow

JUL 7 2004

**MAGISTRATE JUDGE
MORTON DENLOW**

**DOCKETED**

JUL 0 9 2004

### PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR
### SECOND AMENDED AND SUPPLEMENTAL CLASS ACTION COMPLAINT

Plaintiffs, by their attorneys, pursuant to Rule 15 of the Federal Rules of Civil Procedure,

hereby move that this court grant them leave to file a Second Amended and Supplemental Class

Action Complaint. Attached hereto as exhibit A is the new proposed complaint. In support of

this motion, plaintiffs state as follows:

#### Background

1.      On September 12, 2003, plaintiff Katherine Albrecht filed her original Complaint

against defendants Metropolitan Pier and Exposition Authority ("MPEA") and Leticia Peralta

Davis, in her official capacity as Chief Executive Officer of the MPEA. In it, plaintiff

challenged the defendants' then-existing policy regarding expressive activity at McCormick

Place, both on its face and as applied to her proposed expressive activity planned for September

16, 2003

2.      On April 22, 2004, plaintiff filed a motion to file an Amended Class Action

Complaint, making the following proposed changes:

(a)      the addition of Quentin Young as a second named plaintiff;

1



(b)     the addition of a putative class of similarly situated individuals and groups;

(c)     the removal of Ms. Davis as a defendant;

(d)     the addition and modification of allegations regarding the physical attributes, uses, and regulations of McCormick Place;

(e)     the addition of allegations regarding Albrecht's and Young's desired future expressive activities at McCormick Place; and

(f)     the modification of the "as applied" component of the equitable relief sought.

3.     On May 24, 2004, this Court granted plaintiffs' motion for leave to file their amended class action complaint.

4.     On June 21, 2004, defendant filed a motion to dismiss the case as moot, stating that effective June 30, 2004, defendant would repeal its then-existing expressive activity policy and institute a new expressive activity policy.

5.     On June 23, 2004, at an appearance before this Court, defendant withdrew its motion to dismiss, based on the plaintiffs' representation that by July 7, 2004, they would file a new complaint addressing the new policy.

6.     From June 30 to July 3, 2004, the American Physical Therapy Association ("APTA") held its annual conference at McCormick Place. The opening ceremony, featuring the current U.S. Surgeon General, took place at the Lakeside Center of McCormick Place on June 30 from 8:30 a.m. to 10:00 a.m. Young requested permission for himself and seven associates to distribute leaflets regarding the issue of universal health care at eight specified locations inside the Lakeside Center at the same date and time as the APTA opening ceremony. On June 28,

2004, defendant denied the request. On June 29, 2004, defendant granted permission for Young

and his associates to leaflet at five of the seven locations designated under the MPEA's new

policy. On July 30, 2004, Young and his associates distributed leaflets at the authorized

locations, but were unable to effectively communicate with their intended audience.

      7.     Plaintiffs now seek leave to file their Second Amended and Supplemental Class

Action Complaint, containing the following proposed additions:

      (a)     a description of the new written policy regarding expressive activities at

McCormick Place;

      (b)     a description of Young's expressive activities at McCormick Place on

June 30, 2004; and

      (c)     a claim for compensatory damages for Albrecht and Young for the injuries

they suffered as a result of defendant's original and new expressive activity policies,

respectively.

### Discussion

      8.     Leave to amend a complaint should be freely granted absent a substantial reason

to deny such leave. Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962);

Daugherity v. Traylor Bros., Inc., 970 F.2d 348, 351 (7th Cir. 1992). Leave to amend should be

granted in the absence of undue "delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of the amendment, etc."

American Broad. Co., Inc. v. Maljack Prods., Inc., No. 97 C 6510, 1998 WL 325209 at *1 (N.D.

Ill. June 9, 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Because "[v]irtually every

amendment results in some degree of prejudice to an opposing party," the only question is

3

whether that prejudice is undue. In re Ameritech Corp., 188 F.R.D. 280, 283 (N.D. Ill. 1999). In order to determine whether sufficient prejudice exists, a court balances the respective interests of the parties. Id. (citing Wright and Miller, Federal Practice and Procedure § 1487 at 621-23 (1990)).

9. Here, the new proposed complaint will contribute to a complete and final resolution of this dispute. First, the MPEA has recently instituted a new written policy that is inadequate for expressive activities. The new complaint would address the new policy. Second, Albrecht and Young have been injured as a result of the MPEA's original and new policies, respectively, and are thus entitled to compensation for their injuries.

10. The new complaint would not unduly prejudice defendant. Substantial and currently relevant discovery requests from plaintiffs to defendant were pending before defendant promulgated the new policy. The new complaint would only modify existing discovery and that intended to be pursued under the former complaint. Furthermore, there will be no prejudice as to depositions, as parties have not yet taken any.

11. Also, this motion to amend is timely. The new policy challenged in the proposed complaint went into effect on June 30, only seven days ago. The injury suffered by Young for which he seeks damages in the proposed complaint also occurred on June 30. As to Albrecht's injury, it occurred less than ten months ago, well within the two-year limitations period, and her deposition is yet to be taken.

12. Finally, there is no bad faith, dilatory motive, as repeated failures to cure deficiencies by prior amendments.

WHEREFORE, plaintiffs respectfully request leave to file the attached Second Amended and Supplemental Class Action Complaint.

DATED: July 7, 2004

Respectfully submitted:

One of plaintiffs' attorneys

HARVEY GROSSMAN
ADAM SCHWARTZ
CONNIE CHUNG
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

WILLIAM J. GIBBONS
ERIN SHAW
DAVID CAMPBELL
Latham & Watkins
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
(312) 876-7700

5

# SEE CASE FILE FOR EXHIBITS