IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE ALBRECHT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 03 C 6472 |
| | ) | |
| v. | ) | Judge Nordberg |
| | ) | |
| METROPOLITAN PIER AND | ) | Magistrate Judge Denlow |
| EXPOSITION AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

**TO:** Harvey Grossman
Adam Schwartz
Connie Chung
Roger Baldwin Foundation of ACLU, Inc.
180 N. Michigan Ave. Suite 2300
Chicago, IL 60601

William J. Gibbons
Erin Shaw
David Campbell
Latham & Watkins
233 South Wacker Dr., Suite 5800
Chicago, IL 60606

PLEASE TAKE NOTICE that on Thursday, July 22, 2004, at 9:15 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Hon. Magistrate Judge Morton Denlow, Courtroom 1350, 219 South Dearborn, Chicago IL, and then and there present the defendant's **Motion for Stay of Discovery Pending Review of the Authority's Motion to Dismiss.**

Dated: July 20, 2004

Respectfully submitted,

METROPOLITAN PIER AND
EXPOSITION AUTHORITY

By: _____
One of Their Attorneys

Bettina Getz
Daniel G. Hildebrand
David W. Fuller
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, Illinois 60603-3441
(312) 782-0600

DOCKETED
AUG 0 3 2004

FILED
JUL 20 2004
MAGISTRATE JUDGE
MORTON DENLOW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE ALBRECHT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 03 C 6472 |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN PIER AND | ) | Magistrate Judge Denlow |
| EXPOSITION AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR STAY OF DISCOVERY PENDING REVIEW OF THE
AUTHORITY'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant Metropolitan Pier and Exposition Authority hereby moves for a stay of discovery in this matter pending resolution of the Authority's motion to dismiss the Second Amended Complaint, which the Authority shall file on July 28, 2004. In support thereof, the Authority states as follows:

1. On June 21, the Authority filed a motion to dismiss the plaintiffs' amended class action complaint as moot, based on the Authority's having repealed its policy challenged in the amended complaint. The Authority indicated that, effective July 1, 2004, it would be adopting a new "Policy for Public Expression at McCormick Place." In tandem with the motion to dismiss as moot, the Authority moved to stay discovery.

2. On June 23, the Court granted plaintiffs leave to file a second amended complaint on July 7, 2004. Upon review of the second amended complaint, the Authority has concluded that there is no legal support for plaintiffs' challenge to the constitutionality of the Authority's new "Policy for Public Expression." The Authority therefore intends to file a motion to dismiss that pleading as a matter of law on July 28, 2004. The Authority modeled its new policy after a

judicially approved policy enacted at Navy Pier pursuant to a federal court injunction. The Authority also modeled its new policy on, and the new policy is fully in conformance with, legal decisions on speech restrictions in non public forums such as Navy Pier, airports, public meeting facilities, government office buildings, sports stadiums and the like.

3. As will be explained further in the Authority's motion to dismiss, the following cases establish that the Authority's new Policy on Public Expression fully comports with the Constitution. *Acorn et al v. Metropolitan Pier and Exposition Authority*, 150 F.3d 695 (7th Cir. 1998); *ISKCon v. Lee*, 505 U.S. 672, 692-93 (1992) (Kennedy Airport was a non-public forum, and airport authority could ban solicitation and relegate leafleting to uncongested part of terminal); *ISKCon Miami v. Metropolitan Dade County*, 147 F.3d 1282 (11th Cir. 1998) (Miami International Airport was non-public forum; regulations limiting leafleters to eight fixed zones sprinkled throughout the airport were constitutional); *Hawkins v. City and County of Denver*, 170 F.3d 1281 (10th Cir. 1999) (upholding outright ban on leafleting in Denver's Galleria, a "glass covered pedestrian walkway" built over what was formerly a public street to link "adjacent performing arts complexes"); *Sefick v. Gardner*, 164 F.3d 370, 372-373 (7th Cir. 1998) (lobby of Dirksen federal building in Chicago "is not a traditional public forum or a designated public forum, not a place open to the public for the presentation of views . . . It is a nonpublic forum, which government may reserve for its intended purposes"); *Grossbaum v. Indianapolis-Marion County Building Auth.*, 100 F.3d 1287, 1298 (7th Cir. 1996) (noting lobby of Indianapolis' city-county building was a non-public forum, and affirming building's content-neutral ban on expression), *Families Achieving Independence and Respect v. Nebraska Department of Social Services*, 111 F.3d 1408, 1419-1420 (8th Cir. 1997) (lobby of state welfare office was nonpublic forum; government could prohibit welfare rights advocacy organization from posting and

distributing materials and speaking with welfare recipients in the lobby); *Sefick v. United States*, 1999 WL 778588, \*\*9-12, 16 (N.D. Ill. 1999) (lobby of Chicago's Metcalfe federal building was a nonpublic forum; "GSA has responsibilities to its tenant agencies and to visitors to provide an appropriate forum in which to conduct government business").

4. The Authority's new policy has been in effect less than a month, and is carefully modeled on constitutional templates. Under these circumstances, the Authority as a public body should not be put to the burden and expense of further discovery in this matter unless and until plaintiffs have responded to the Authority's motion to dismiss and this Court has ruled. The Authority's counsel is aware of no case supporting the theories advanced in plaintiffs' complaint.

5. Based on the foregoing, the Authority requests a stay of discovery until the Court determines whether there is any legal basis for allowing plaintiffs' new complaint to go forward.

6. In particular, the Authority asks that the Court modify the portions of its June 23 order providing for the Authority to provide answers to the Second Requests to Admit by July 28, 2004,[1] and providing for depositions to be concluded by August 16, 2004. The Authority further requests a protective order suspending the Authority's obligation to answer the plaintiffs' Third Set of Document Requests dated May 20, 2004; the Second Set of Requests to Admit dated June 4, 2004; the Notice of Rule 30(b)(6) Deposition dated June 4, 2004; the Notice of Deposition regarding David Causton and Bill Antonick dated June 4, 2004; the Third Set of Interrogatories dated July 13, 2004; the Fourth Set of Document Request dated June 25, 2004; the Fifth Set of Document Requests dated July 13, 2004; and the Third Set of Requests for Admission dated July 13, 2004. Further, the Authority asks that its obligation to respond to

---

[1] While the Court's June 23, 2004 minute order reflects a due date of July 28, 2004 for the Authority to answer the Second Requests to Admit, the Court ruled in open court that the Authority's answers to the Second Requests to Admit would be due four weeks after the Authority received the Second Amended Complaint, or on August 4, 2004.

3

plaintiffs' other ongoing discovery requests, related to whether defendant's prior objections and answers should be waived and/or supplemented, be stayed as well.

7. Upon receiving the Second Amended Complaint, the Authority heeded this Court's direction (at the June 23 status hearing) that the parties should attempt to negotiate a reasonable approach to discovery in light of issues concerning the status and adequacy of the pleadings. The Authority tendered a proposal in this regard dated July 8, 2004. Ex. A. The Authority offered to provide written answers to outstanding discovery requests by August 4, just one week after responding to the Second Amended Complaint. The Authority also proposed a short extension of the time to take depositions. Plaintiffs flatly rejected the Authority's proposal in a letter dated July 13, 2004. Ex. B. As a result, the Authority is filing the instant motion to protect itself from unduly burdensome and expensive discovery during the pendency of testing whether plaintiffs' Second Amended Complaint must be dismissed.

Dated: July 20, 2004

Respectfully submitted,

THE METROPOLITAN PIER AND
EXPOSITION AUTHORITY

By: One of Defendant's Attorneys

Bettina Getz
Daniel G. Hildebrand
David W. Fuller
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603
(312) 782-0600

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certify that on July 20, 2004, before the hour of 5:00 p.m., I caused to be served to a true and correct copy of the attached **MOTION FOR STAY OF DISCOVERY PENDING REVIEW OF THE AUTHORITY'S MOTION TO DISMISS** via messenger and facsimile, addressed to plaintiffs' counsel as follows:

TO:  Harvey Grossman
Adam Schwartz
Connie Chung
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740
(312) 288-5225 (fax)

William J. Gibbons
Erin Shaw
David Campbell
Latham & Watkins
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
(312) 876-7700
(312) 993-9767 (fax)

By: _____
One of Defendant's Attorneys

Bettina Getz
Daniel G. Hildebrand
David W. Fuller
Mayer, Brown, Rowe & Maw LLP
190 South LaSalle Street
Chicago, Illinois 60603
(312) 782-0600

```
MAYER
BROWN
ROWE
& MAW
```

July 8, 2004

**BY FACSIMILE**

Adam Schwartz
The Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Ave.
Suite 2300
Chicago, IL 60601

Mayer, Brown, Rowe & Maw LLP
190 South La Salle Street
Chicago, Illinois 60603-3441

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

Daniel G. Hildebrand
Direct Tel (312) 701-7787
Direct Fax (312) 706-8640
dhildebrand@mayerbrownrowe.com

Re: *Katherine Albrecht v. MPEA*, No. 03 C 6472

Dear Adam:

This is in response to your letters dated June 11, June 23 and July 8. In general, the Authority will provide supplemental information as set forth below on or before August 4, 2004, the same date that the Court set for responding to the Second Requests to Admit.

Answers to Plaintiff's First Requests to Admit. The Authority stands on its objections to the First Set of Requests to Admit. Your numerous requests to admit regarding where visitors would walk and what they would see are argumentative and were clearly drafted as hypotheticals, and the Authority believes no response is required. Regarding any other Navy Pier policies that involve non-licensed public expression, Navy Pier hires entertainers to perform on the Pier who may not be properly characterized as "licensees" and yet nevertheless are engaged in expressive activity. We therefore stand on our prior objections and answers.

Answers to Second Interrogatories. The Authority stands on its prior objections and answers to second interrogatories Nos. 1 and 2. In addition, No. 2 of the second interrogatories is mooted by the new policy, which clearly states what expressive activity is, and is not, allowed in various areas of McCormick Place. As regards your requests for additional measurements, the Authority will provide the measurements you request on August 4, 2004.

Maps and ACORN documents. Please contact David Fuller of my office, who was responsible for the production, to obtain answers to your questions about the maps, and to arrange for inspection of the Navy Pier court papers file. As agreed, please also make arrangements for David to review the GSA litigation files in your and Latham's possession. David can be reached at 701-7736.

Third and Fourth Document Requests. The Authority will answer these requests on August 4, 2004.

Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles Manchester New York Palo Alto Paris
Independent Mexico City Correspondent: Jauregui, Navarrete, Nader y Rojas, S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the off

EXHIBIT A

Mayer, Brown, Rowe & Maw LLP

Adam Schwartz
July 8, 2004
Page 2

<u>Depositions</u>. Counsel will be on vacation from approximately August 5 through August 14, 2004. Given the volume of other work to be done in this matter, including responding to the above discovery requests, the second amended complaint and the motion for class certification, we cannot take or defend any depositions prior to August 4. We therefore suggest the parties agree to undertake any necessary depositions in this matter between August 16 and September 30. Please advise if you agree, and we will prepare a stipulation and agreed motion to modify the court's scheduling order dated June 23, 2004 to so provide.

Sincerely,

Daniel G. Hildebrand

DGH/ae

THE
ROGER
BALDWIN
FOUNDATION
OF ACLU,
INC.

Suite 2300
180 North Michigan Avenue
Chicago, Illinois 60601-1287
(312) 201-9740
Fax (312) 201-9760
www.aclu-il.org

**GOVERNING COMMITTEE**

Marc O. Beem
President

Mary E. Brandon
Michael C. Cook
Paul J. Gaynor
Diane Geraghty
Rabbi Gary S. Gerson
Harriet Hausman
F. Thomas Hecht
Clifford P. Kelley
Diane F. Klotnia
Jennifer Minor Lansing
Jill M. Metz
Roger Pascal
Audrey R. Peeples
Mort Rosen
Noel Salinger
Carlene M. Sawyer
William N. Weaver, Jr.
Cleo F. Wilson
Bernard Zant

**STAFF**

Colleen K. Connell
Executive Director

Edwin C. Yohnka
Director of Communications

K.T. Sullivan
Development Director

Marcia Lisa
Associate Development Director

Tanya Havelt
Director of Foundation Relations

Althea Thomas
Director of Administration

Damien A. Joyner
High School Civil Liberties Education Project Director

Harvey Grossman
Legal Director

Benjamin S. Wolf
Associate Legal Director

Lorie Chaiten
Connie Y. Chung
Dwayne A. Nash
Barbara P. O'Toole
Adam D. Schwartz
Jane M. Whicher
Christopher T. Varas
Staff Counsel

Eric Salcedo
Intake Director

Contributions to
The Roger Baldwin
Foundation
are tax deductible
as provided by law.



July 13, 2004

**BY HAND DELIVERY**

Daniel G. Hildebrand
Mayer, Brown, Rowe & Maw
190 South LaSalle Street
Chicago, Illinois 60603

Re:   Albrecht v. MPEA, No. 03 C 6472

Dear Dan:

I write regarding the discovery scheduling positions stated in your letter to me of July 9.

First, you have stated that the MPEA will provide information in response to certain pending discovery requests by August 4. As you know, August 4 is beyond the 30 days allowed by Rules 33 and 34. Specifically: Plaintiffs served their third set of document requests on May 20; a response was due on June 21. Plaintiffs sent a letter on June 11 seeking specific facility measurements (following up on a discovery dispute regarding plaintiffs' interrogatory served six months earlier regarding the physical structure of the facility); a response was due no later than July 12. Plaintiffs served their fourth set of document requests on June 25, 2004; a response is due by July 26. To date, the MPEA has not asked plaintiffs for an extension of time regarding these particular discovery requests. In any event, plaintiffs do not agree to such an extension: plaintiffs need a reasonable amount of time to review these materials before they take depositions, and the Court has set August 16 as the deadline to take depositions.

Second, you have proposed that the parties file an agreed motion to extend the deposition deadline from the current date (August 16) to a new date (September 30). Because further delay is contrary to plaintiffs' interests, plaintiffs do not agree to such an extension. Rather, plaintiffs propose that these depositions take place any time on July 27, 28, 29, or 30, or August 2, 3, or 4.



EXHIBIT B

Daniel Hildebrand
July 13, 2004
Page 2

While plaintiffs recognize that the MPEA has attempted to expand the opportunity of non-licensees to engage in expressive activity at McCormick Place, plaintiffs have not changed their position (as expressed to the Court on June 23) that a prompt resolution of all First Amendment issues in this case is critical to the plaintiffs and the putative class. In the absence of the MPEA's expressed willingness to attempt to settle this matter, plaintiffs are obligated to press forward in a prompt manner. We have tried, of course, to accommodate your vacation schedule by suggesting depositions on dates you plan to be in town.

Sincerely,

*[signature]*

Adam Schwartz