IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE ALBRECHT and QUENTIN YOUNG, on behalf of themselves and all persons similarly situated, | )))))) |
| Plaintiffs, | ) Case No. 03 C 6472 )  |
| v. | ) Magistrate Judge Denlow ) |
| METROPOLITAN PIER AND EXPOSITION AUTHORITY, and LETICIA PERALTA DAVIS, in her official capacity as Chief Executive Officer of the Metropolitan Pier and Exposition Authority, | ))))))) |
| Defendants. | ) |

**DOCKETED**
AUG 0 3 2004

**FILED**
JUL 21 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF MOTION

To: Daniel G. Hildebrand
Bettina Getz
David Fuller
MAYER, BROWN, ROWE & MAW LLP
190 S. LaSalle Street
Chicago, IL 60603

PLEASE TAKE NOTICE that on Monday, August 2, 2004, at 9:15 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Morton Denlow of the United States District Court for the Northern District of Illinois, in the courtroom #1350 usually occupied by him at 219 South Dearborn Street, Chicago, Illinois, and will then and there present the **PLAINTIFFS' MOTION TO COMPEL THE MPEA**, a copy of which is enclosed herewith.

Dated: July 21, 2004 Respectfully submitted,

/s/ *signature*
One of Plaintiffs' Attorneys

HARVEY GROSSMAN
ADAM SCHWARTZ
CONNIE CHUNG
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 21 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KATHERINE ALBRECHT and QUENTIN )
YOUNG, on behalf of themselves and all )
persons similarly situated, )
)
Plaintiffs, ) Case No. 03 C 6472
)
v. ) Magistrate Judge Denlow
)
METROPOLITAN PIER AND )
EXPOSITION AUTHORITY, )
)
Defendant. )

DOCKETED
AUG 0 3 2004

### PLAINTIFFS' MOTION TO COMPEL THE MPEA

Plaintiffs, by their counsel, pursuant to Rules 33 and 37 of the Federal Rules of Civil Procedure, respectfully request that this Court enter an order compelling defendant the Metropolitan Pier and Exposition Authority ("MPEA") to answer two interrogatories. In support of this motion, plaintiffs state as follows:

### Background

1. In this lawsuit, plaintiffs challenge restrictions imposed by the MPEA upon expressive activity by "non-licensees" (*i.e.*, people who have not paid to license facility space) inside and outside of McCormick Place.

2. On April 26, plaintiffs served their second set of interrogatories to the MPEA. *See* Exh. A-1. It contained two interrogatories.

   (a) The first interrogatory asked: "Please identify each and every occasion in which expressive activity at McCormick Place or Navy Pier by a non-licensee actually burdened any of what the MPEA would describe as its legitimate

1

interests." For each such occasion, the interrogatory further sought information regarding the expressive activity, the burden, and persons with knowledge.

(b) The second interrogatory defined nine specific expressive activities and ten specific McCormick Place locations, and asked: "For each activity, please separately identify the locations where a non-licensee may engage in the activity: (a) with a permit; and (b) without a permit."

3. On May 28, the MPEA objected that both interrogatories are compound, vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The MPEA further objected that the first interrogatory is argumentative, repetitive of earlier interrogatories, and calls for legal conclusions. The MPEA declined to answer the interrogatories, except to refer plaintiffs to "documents previously produced" and to the MPEA's memorandum in opposition to plaintiffs' TRO motion. *See* Exh. A-2.

4. On June 12, plaintiffs modified their second interrogatory, narrowing the number of queried expressive activities from nine to two: (a) distributing business cards; and (b) gathering in a stationary location with up to 10 people while wearing expressive clothing and without inhibiting the flow of pedestrian or vehicular traffic. *See* Exh. A-7.

5. Despite good faith efforts, the parties have been unable to reach an accord on these two discovery issues. *See* Exh. A.

2

## Discussion

### A. The "actual burden" interrogatory

6. Plaintiffs' first interrogatory of April 26 seeks information regarding specific occasions in which expressive activity by non-licensees actually burdened the MPEA's interests. This is calculated to lead to the discovery of admissible evidence. Whether such burdens have ever actually occurred – and if so, the precise nature of the activity and the burdens – is a relevant factor in determining the reasonableness of the challenged MPEA restrictions on expressive activity.

7. This interrogatory is not overbroad or unduly burdensome. The MPEA can easily ascertain whether such expressive activity has burdened the MPEA's interests by asking an appropriate employee.

8. This interrogatory is not argumentative and does not call for legal conclusions. The MPEA has taken the position that expressive activity by non-licensees will burden its interests, and plaintiffs simply seek to determine when (if ever) this has actually occurred.

9. This interrogatory is not repetitive of earlier interrogatories. This interrogatory seeks information regarding specific occasions when expressive activity by non-licenses actually burdened the MPEA's interests. The MPEA has not previously provided such information.

10. Finally, contrary to the suggestion in the MPEA's response to this set of interrogatories, *see* Exh. A-2, the documents produced to date and the MPEA's memorandum in opposition to plaintiffs' TRO motion are wholly devoid of any information regarding any specific occasions in which any expressive activity at

3

McCormick Place or Navy Pier by a non-licensee actually burdened any MPEA interests in any way.

**B.      The "defining the policy" interrogatory**

11.     Plaintiffs' second interrogatory of April 26, as modified by plaintiffs on July 12, seeks to determine whether, with and without a permit, the MPEA will allow non-licensees in each of ten McCormick Place locations to (a) distribute business cards; or (b) gather in a stationary location with up to 10 people while wearing expressive clothing and without inhibiting the flow of pedestrian or vehicular traffic.

12.     To date, the MPEA has not taken a clear, written position on this issues, either in its new policy, or its pleadings in this case, or any other document.

13.     This modified interrogatory is calculated to lead to the discovery of admissible evidence. The nature and applicability of the challenged policy is relevant in evaluating the constitutionality of that policy. For example, if the MPEA does not allow these two activities, that would be probative of the kinds of unobtrusive expressive activities swept up in the MPEA's speech restriction. On the other hand, if the MPEA does allow these two activities, that in turn would be probative of the minimal harms caused by comparable activities (such as leafleting) that are prohibited.

14.     This modified interrogatory is not overbroad or unduly burdensome. The MPEA can easily ascertain the applicability of its own policy to these two activities by asking the appropriate policy maker.

4

WHEREFORE, plaintiffs respectfully request that this Court issue an order compelling the MPEA to answer (a) plaintiffs' first interrogatory of April 26, and (b) plaintiffs second interrogatory of April 26, as modified on July 12.

DATED: July 21, 2004

Respectfully submitted:

_____
One of plaintiffs' attorneys

| | |
|---|---|
| HARVEY GROSSMAN | WILLIAM J. GIBBONS |
| ADAM SCHWARTZ | ERIN SHAW |
| CONNIE CHUNG | DAVID CAMPBELL |
| Roger Baldwin Foundation of ACLU, Inc. | Latham & Watkins |
| 180 North Michigan Avenue, Suite 2300 | 233 S. Wacker Drive, Suite 5800 |
| Chicago, Illinois 60601 | Chicago, Illinois 60606 |
| (312) 201-9740 | (312) 876-7700 |

5

# SEE CASE FILE FOR EXHIBITS

Case: 1:03-cv-06472 Document #: 34 Filed: 07/21/04 Page 8 of 8 PageID #:244