KC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
MAY 1 9 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| KATHERINE ALBRECHT and QUENTIN YOUNG, on behalf of themselves and all persons similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 03 C 6472 |
| v. | ) | Magistrate Judge Cole |
| METROPOLITAN PIER AND EXPOSITION AUTHORITY, | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION**

Plaintiffs, by their attorneys, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, respectfully move this Court to certify a plaintiff class. In support of this motion, plaintiffs state as follows:

1. The proposed plaintiff class consists of: "All persons that now seek and/or in the future will seek to engage in unlicensed, free-of-charge expressive activities at locations inside and outside McCormick Place – with the exception of persons wishing to engage in commercial speech at McCormick Place."

2. The plaintiff class is numerous, including hundreds of individuals and groups. *See* Rule 23(a)(1).

3. There are questions of law and fact common to the class, including whether the speech restrictions violate federal law. *See* Rule 23(a)(2).

4. The claims of the named plaintiffs are typical of the claims of the class. *See* Rule 23(a)(3). Each plaintiff has engaged in expressive activity at McCormick Place, and each intends to do so again.

5. The named plaintiffs will fairly and adequately protect the interests of the class. *See* Rule 23(a)(4). There are no conflicts that would render representation improper, and class counsel will vigorously pursue the interests of the class.

6. Final declaratory and injunctive relief for the class as a whole is appropriate, because the defendants have acted on grounds generally applicable to the class. *See* Rule 23(b)(2).

7. Defendant the Metropolitan Pier and Exposition Authority does not oppose this motion.

8. Simultaneously with the filing of this motion, all parties to this lawsuit have filed a joint motion for approval of a proposed Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

7. In further support of this motion, plaintiffs submit the attached memorandum.

WHEREFORE, plaintiffs respectfully move this Court to certify the plaintiff class defined herein.

DATED: May 18, 2005

Respectfully submitted:

[signature]
One of plaintiffs' attorneys

HARVEY GROSSMAN
ADAM SCHWARTZ
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

WILLIAM J. GIBBONS
ERIN SHAW
Latham & Watkins
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
(312) 876-7700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 1 9 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KATHERINE ALBRECHT and QUENTIN YOUNG, on behalf of themselves and all persons similarly situated,

Plaintiffs,

v.

METROPOLITAN PIER AND EXPOSITION AUTHORITY,

Defendant.

Case No. 03 C 6472

Magistrate Judge Cole

Magistrate Judge Schenkier

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS UNOPPOSED MOTION FOR CLASS CERTIFICATION**

Plaintiffs have moved for certification of the following plaintiff class: "All persons that now seek and/or in the future will seek to engage in unlicensed, free-of-charge expressive activities at locations inside and outside McCormick Place – with the exception of persons wishing to engage in commercial speech at McCormick Place." As explained below, this motion satisfies all of the class certification requirements of Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

Significantly, plaintiffs have filed this motion to certify a plaintiff class at the same time that all parties have jointly filed a motion to approve a settlement agreement.[1] Such settlement classes are "a stock device" in the resolution of multi-plaintiff litigation. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 618 (1997). In this context, in deciding

[1] Plaintiffs earlier moved to certify a similar plaintiff class on May 22, 2004. That motion was withdrawn without prejudice on January 18, 2005.

whether to certify a plaintiff class, the district court should consider whether the proposed settlement agreement is fair, reasonable, and adequate pursuant to Rule 23(e), in addition to considering whether the putative class satisfies the requirements of Rules 23(a) and (b)(2). Id. at 620-21. Here, the proposed Settlement Agreement is fair, reasonable, and adequate, as fully set forth in the parties' joint memorandum in support of approval of the proposed Settlement Agreement, separately filed today.

## ARGUMENT

### A. Threshold requirements

Plaintiffs must allege the existence of an identifiable class, and that each named representative is a member of the class. LeClercq v. Lockformer Co., 2001 WL 199840 at *2 (N.D. Ill. Feb. 28, 2001). A class satisfies the definiteness requirement so long as it is defined in terms of objective criteria. Id.

Here, members of the class can be readily ascertained by reference to objective criteria, including the defendant's conduct in enforcing the disputed policies. Moreover, plaintiffs are members of this putative class: they have engaged in expressive activity at McCormick Place, and they intend to do so again.

### B. Rule 23(a)

Class certification requires a plaintiff to meet the four prerequisites of Rule 23(a). Specifically, a representative may sue on behalf of a class if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Here, the proposed class satisfies each of the four prerequisites.

1. **Numerosity**

Courts in this Circuit have certified classes with few members, where other factors make joinder impracticable. See, e.g., Swanson v. American Consumer Indus., 415 F.2d 1326, 1339 n.9 (7th Cir. 1969) (class of 40); Gaspar v. Linvatec Corp., 167 F.R.D. 51, 57 (N.D. Ill. 1996) (class of 18); Hendricks-Robinson v. Excel Corp., 164 F.R.D. 667, 671 (C.D. Ill. 1996) (class of 38); Arenson v. Whitehall Nursing Home, Inc., 164 F.R.D. 659, 663 (N.D. Ill. 1996) (class of 39); Johns v. Deleonardis, 145 F.R.D. 480, 482-83 (N.D. Ill. 1992) (class of 70, subclass of 25); Allen v. Isaac, 99 F.R.D. 45, 49 (N.D. Ill. 1983), amended by, 100 F.R.D. 373 (N.D. Ill. 1983) (class of 17). Such factors, which are present here, include the nature of the relief sought, the impracticality of forcing relitigation of a common core of issues, and judicial economy. Gaspar, 167 F.R.D. at 56, Arenson, 164 F.R.D. at 663; Johns, 145 F.R.D. at 482.

Moreover, the number of future class members who would be affected by injunctive relief also makes joinder impracticable. Where a plaintiff requests injunctive relief, a court should consider not only the present class members, but also "the interests of persons who will predictably enter the class." Rosario v. Cook County, 101 F.R.D. 659, 661 (N.D. Ill. 1983).

Here, plaintiffs allege that hundreds of individuals and groups now seek and/or in the future will seek to engage in expressive activities of McCormick Place. See Amended Complaint at ¶11(a). This allegation is based in part on documents produced in this case showing that between February 2001 and November 2003, scores of people engaged or attempted to engage in unlicensed expressive activity at McCormick Place. Thus, the proposed class is sufficiently numerous.

2. Commonality

Commonality is satisfied if the named plaintiff shares common questions of law or fact with the class. Rosario v. Livaditis, 963 F.2d 1013, 1017-18 (7th Cir. 1992). Not all factual and legal issues in a lawsuit need to be shared. Id. Indeed, the "common nucleus" test is a "'low hurdle' easily surmounted." Gaspar, 167 F.R.D. at 57.

A plaintiff meets the requirement of commonality where defendants have "engaged in standardized conduct toward members of the proposed class." Chandler v. Southwest Jeep-Eagle, Inc., 162 F.R.D. 302, 308 (N.D. Ill. 1995). See, e.g., Alliance to End Repression v. Rochford, 565 F.2d 975, 979 (7th Cir. 1977); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988); Edmondson v. Simon, 86 F.R.D. 375, 380 (N.D. Ill. 1980). A class action is particularly appropriate where First Amendment rights have been restricted, as policies of restricting speech apply across-the-board to all class members. See Port Authority Police Benevolent Ass'n v. Port Authority, 698 F.2d 150, 153-54 (2d Cir. 1983). See, e.g., Petersen v. Talisman Sugar Corp., 478 F.2d 73, 83 (5th Cir. 1973); Baird v. California Faculty Ass'n, 2000 WL 1028782, *3 (E.D. Cal. 2000); Conant v. McCaffrey, 172 F.R.D. 681, 693 (N.D. Cal. 1997).

Here, plaintiffs allege that defendant has promulgated and enforced policies that restrict expressive activity at McCormick Place. The class members and their proposed representatives share common questions of law and fact regarding the constitutionality of this policy.

3. Typicality

In order to be typical, claims need not be identical, but merely substantially similar. De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983).

The typicality requirement is met where a plaintiff's claims arise from the same events, practices or courses of conduct that trigger the claims of other class members, and all of the plaintiffs' claims involve the same legal theories. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 597 (7th Cir. 1993). The typicality requirement focuses on the defendant's behavior: "if the defendant has acted similarly toward all potential class members, typicality is satisfied." In re P.S. Group Inc. Securities Litigation, 1993 WL 477926, *2 (C.D. Ill. 1993).

Here, plaintiffs have engaged in expressive activity at McCormick Place, and each intends to do so again. Without injunctive relief, plaintiffs allege that defendant's policies will restrict their respective expressive activities. Thus, each is typical of the class.

**4. Adequacy of representation**

To adequately represent the class, the named plaintiff must have sufficient interest in the outcome to insure vigorous advocacy, Riordan v. Smith Barney, 113 F.R.D. 60, 64 (N.D. Ill. 1986), and may not have interests antagonistic to those of the class, Secretary of Labor v. Fitzsimmons, 805 F.2d 682, 697 (7th Cir. 1986). In addition, counsel for the class must be competent and experienced in class action matters. Riordan, 113 F.R.D. at 64.

Here, the plaintiffs have no conflict with the interests of other class members. The equitable relief sought by plaintiffs will benefit all class members. Finally, plaintiffs' counsel have skill and experience in the litigation of civil rights actions and class actions, and are supported by the expertise and legal resources of the Roger Baldwin Foundation ("RBF") of ACLU, Inc.

C. **Rule 23(b)(2)**

The proposed class falls squarely under Rule 23(b)(2), which allows a suit to proceed as a class action if the "party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Certification under Rule 23(b)(2) is particularly appropriate in class actions brought to vindicate the plaintiffs' civil or constitutional rights. Johnson v. Brelje, 482 F. Supp. 121, 125 (N.D. Ill. 1979).

Here, the defendant has acted on grounds applicable to all class members. Specifically, plaintiffs allege that defendant has promulgated and enforced policies restricting expressive activity at McCormick Place.

D. **Appointment of class counsel**

An order certifying a class action must, inter alia, appoint class counsel. See Rule 23(c)(1)(B) & (g)(1)(A). To be appointed, class counsel must fairly and adequately represent the interests of the class. See Rule 23(g)(1)(B). Morever, in appointing class counsel, the court must consider counsel's work in investigating potential claims; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. See Rule 23(g)(1)(C)(i).

Here, the undersigned attorneys will fairly and adequately represent the interests of the class. They have invested significant time and resources towards investigating the factual and legal issues in this case. They have experience both in class actions and other complex litigation, and also in the First Amendment claims at issue here. They are

familiar with the applicable First Amendment and other law. They commit the resources of the RBF to representing the class. Accordingly, the undersigned attorneys should be appointed as class counsel.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully move this Court to certify the plaintiff class defined herein.

DATED: May 18, 2005

Respectfully submitted:

One of plaintiffs' attorneys

HARVEY GROSSMAN
ADAM SCHWARTZ
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

WILLIAM J. GIBBONS
ERIN SHAW
Latham & Watkins
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
(312) 876-7700

**CERTIFICATE OF SERVICE**

I, Adam Schwartz, hereby certify that on the 19th day of May, 2005, I served to the party listed below a true and correct copy of the attached **PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION**, via hand delivery, before the hour of 5:00 p.m.

By: Adam Schwartz
One of the Plaintiffs' Attorneys

TO: Daniel G. Hildebrand
Bettina Getz
David Fuller
MAYER, BROWN, ROWE & MAW LLP
190 S. LaSalle Street
Chicago, IL 60603