**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

MAY 1 9 2005 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| KATHERINE ALBRECHT and QUENTIN YOUNG, on behalf of themselves and all persons similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>METROPOLITAN PIER AND EXPOSITION AUTHORITY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 03 C 6472

Magistrate Judge Cole

Magistrate Judge Schenkier

**JOINT MOTION
FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs Katherine Albrecht and Quentin Young, on behalf of themselves and all persons similarly situated, and defendant the Metropolitan Pier and Exposition Authority ("MPEA"), by and through their respective counsel, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, jointly move this Court to approve the Settlement Agreement attached hereto as Exhibit 1.

Specifically, the parties respectfully request that this Court at this time enter an order: (a) making a preliminary finding that the proposed Settlement Agreement is within the range of fair, reasonable, and adequate resolutions; (b) setting a date for a fairness hearing; and (c) commanding reasonable mailed notice to the plaintiff class as set forth herein. A proposed order to this effect is attached hereto as Exhibit 2.

The parties further request that following the fairness hearing, this Court enter an order: (a) approving the proposed Settlement Agreement; and (b) retaining jurisdiction

1

over this case solely for purposes of interpreting, enforcing, and modifying the Settlement Agreement in accordance with its terms. A proposed order to this effect is attached hereto as Exhibit 3.

In support of this motion, the parties state as follows:

1.     In this lawsuit, plaintiffs allege that the MPEA has violated the First Amendment to the U.S. Constitution by adopting and enforcing a policy of restricting expressive activity at McCormick Place by non-paying visitors to inadequate areas that do not allow effective communication with other visitors.

2.     The MPEA denies that it has violated the First Amendment. In particular, the MPEA contends that its First Amendment policy dated October 1, 2001, which permitted expressive activity by non-licensed users of McCormick Place in two large exterior protest zones, and its Policy for Public Expression at McCormick Place adopted on or about June 30, 2004, which added additional leafleting zones, policies and procedures, represented reasonable limitations on free expression in a non-public forum such as McCormick Place. At all times prior to and during this litigation, the MPEA has contended that its existing policies on public expression were constitutional, and consistent with the legislature's intent to establish McCormick Place as one of the nation's leading public convention centers, and to bring jobs and economic development to Chicago and the State of Illinois.

3.     Pursuant to the Settlement Agreement attached hereto as Exhibit 1, plaintiffs today have separately filed an unopposed motion to certify the following plaintiff class: "All persons that now seek and/or in the future will seek to engage in

2

unlicensed, free-of-charge expressive activities at locations inside and outside McCormick Place – with the exception of persons wishing to engage in commercial speech at McCormick Place."

4.      Accordingly, the parties must seek judicial approval of the proposed Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(1)(A). Such approval requires several actions.

5.      First, such approval requires notice in a reasonable manner to all class members who would be bound by the Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(1)(B). Here, the parties respectfully propose class notice by sending by first class mail the written notice attached hereto as Exhibit 4 to: (a) the ascertainable members of the plaintiff class who engaged in expressive activity at McCormick Place from February 2001 to November 2003, as set forth at Exhibit 5; and (b) the additional members of the plaintiff class who the Roger Baldwin Foundation of ACLU, Inc., believes may engage in expressive activity at McCormick Place in the future, as set forth at Exhibit 6. Plaintiffs will bear the cost of such notice, and are ready to issue such notice immediately.

6.      This proposed manner of mailed notice is reasonable. The first list (actual users) is based on all of the documents produced in this litigation by the MPEA in response to plaintiffs' discovery requests regarding expressive activity at McCormick Place by non-licensees (including permits and incident reports). The RBF closely examined these documents, identified therein all names of non-licensed speakers, and where possible matched those names to publicly available mailing address information. The second list (potential speakers) contains a representative cross-section of grass-roots

3

and other advocacy organizations in greater Chicago, including diversity by religion (e.g., Christian, Jewish, and Muslim), by race and ethnicity (e.g., African-American, Arab, Asian, and Hispanic), by economic sector (e.g., labor and business), and by political ideology (e.g., conservative and liberal). In compiling this latter list, the RBF consulted with other advocates for grass-roots organizations. In analogous First Amendment litigation involving Chicago's downtown federal plaza, Judge Castillo approved as reasonable mailed class notice to organizations on two similar lists. *See ACLU v. GSA*, No. 01 CV 3115 (minute order of October 8, 2002).

7.     Second, judicial approval of a class settlement requires a hearing. *See* Fed. R. Civ. P. 23(e)(1)(C). Here, the parties respectfully propose July of 2005 as the time for the hearing.

8.     Third, such approval requires a finding that that the proposed Settlement Agreement is fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(1)(C). Here, for the reasons set forth in the attached memorandum, the proposed Settlement Agreement is fair, reasonable, and adequate.

9.     Fourth, such approval requires the parties to file a statement identifying any agreements made in connection with the proposed Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(3). Here, the parties state that other than the express terms set forth within the four corners of the proposed Settlement Agreement, the parties have made no agreements in connection with the proposed Settlement Agreement.

10.     Fifth, such approval requires that class members have an opportunity to object to the proposed Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(4)(A). In this

4

regard, the parties respectfully propose that class members wishing to participate in the fairness hearing, or to comment upon or object to the proposed resolution, be requested, but not required, to file written submissions with the Court at least two weeks prior to the fairness hearing and to serve such documents upon counsel for the parties. The parties shall file responses to any such submissions prior to the fairness hearing.

11.     In further support of this motion, the parties submit the attached memorandum.

WHEREFORE, the parties respectfully request that the Court at this time: (a) make a preliminary finding that the proposed Settlement Agreement is within the range of fair, reasonable, and adequate resolutions; (b) set a date for a fairness hearing; and (c) command notice to the plaintiff class as proposed herein. The parties further request that after the fairness hearing, this Court: (a) approve the proposed Settlement Agreement; and (b) retain jurisdiction over this case solely for purposes of interpreting, enforcing, and modifying the Settlement Agreement.

Respectfully submitted,

| For the plaintiffs: | For the MPEA: |
|---|---|
| By: _____ | By: _____ |
| Date: 5/18/05 | Date: 5/18/05 |
| Harvey Grossman<br>Adam Schwartz<br>Roger Baldwin Foundation of ACLU, Inc.<br>180 N. Michigan Ave., Suite 2300<br>Chicago, IL 60601<br><br>William J. Gibbons<br>Erin Shaw<br>Latham & Watkins<br>233 S. Wacker Dr., Suite 5800<br>Chicago, IL 60606 | Bettina Getz<br>Daniel G. Hildebrand<br>Mayer, Brown, Rowe & Maw LLP<br>190 S. La Salle St.<br>Chicago, IL 60603 |

6